UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12978-RGS

DIRK GREINEDER

v.

SEAN MEDEIROS

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

May 6, 2019

STEARNS, D.J.

Having worked through and considered petitioner's many and lengthy objections, I agree with the careful analysis laid out by Magistrate Judge Dein in her exhaustive Report, and more particularly her conclusion that habeas relief is not warranted in this matter because: (1) a thorough investigation undertaken by the state trial judge on the instructions of and under the oversight 0f the Supreme Judicial Court (SJC) established that there was no constitutionally significant denial of petitioner's right to a public trial; (2) there was no error in the refusal of the trial judge to recuse himself from that investigation; (3) the SJC's conclusion, that the presentation through a substitute witness of the results of genetic testing performed by a non-testifying analyst did not prejudice the petitioner in violation of the

Confrontation Clause of the Sixth Amendment, was not an unreasonable application of what was and is at best unsettled Supreme Court law, *see William v. Illinois*, 567 U.S. 50, 141 (2012) (Kagan, J., dissenting), *also see Brecht v. Abrahamson*, 597 U.S. 619, 637 (1993);[1] and (4) there is no merit to petitioner's claim of ineffective assistance of counsel.  I also agree with the Magistrate Judge that petitioner's various claims of evidentiary error (a

---

[1] The essence of Confrontation Clause dispute is as follows.  At trial, Dr. Robin Cotton, the forensic lab directory of Cellmark Diagnostics, was permitted to offer her statistical opinions based on results of tests conducted by another (nontestifying) analyst.  *Cf.* R&R at 56-57 (record reasonably supports the conclusion that Dr. Cotton performed her own independent analysis of the raw test results).  While it may well have been error under *Crawford v. Washington*, 541 U.S 36 (2004), to admit the nontestifying analyst's raw results through Dr. Cotton, the Magistrate Judge carefully explained her agreement with the SJC that the error was not prejudicial.  R&R at 76-79.

> [T]he record establishes that Dr. Cotton was examined about the significance of the allelic calls, and the considerations used in determining whether to treat a peak as an allele or an artifact.  In addition, she testified as to what the effect of making different calls would have been on the DNA analysis.  In addition, the [d]efendant was able to establish how the data would have changed, in favor of the defendant, if different RFU settings had been used, and the peaks representing alleles on the electropherograms had been eliminated.  In short, the consequence of creating an improper DNA profile, and the ways in which errors could occur, which the [d]efendant contends were critical to establish through [the analyst who performed the tests], were, in fact, established through Dr. Cotton's testimony.

*Id.* at 78 (citations omitted).

posttrial change of opinion by a police investigator as to the nature of footprint left at the crime scene, the admission of petitioner's extramarital affairs as evidence of motive, and instances of alleged extrinsic influences on jury deliberation) have no constitutional significance in a habeas context. Consequently, the Report is ADOPTED and the petition is DISMISSED with prejudice.

Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also DENIED, the court being of the view that no substantial basis of support for an appeal has been demonstrated.  In this regard, I add the following observation.  The 147-page report compiled by Magistrate Judge Dein may surpass any of the hundreds of fine Reports and Recommendations I have reviewed in my twenty-five years as a federal district judge in its thoroughness and depth of analysis.  Petitioner could not have asked for a fairer or more comprehensive review than the one he received.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE